**In the Interest of T.M.C. and A.C.C., Children.**

**Appeal of C.C., Father.**

**No. 87–1338.**

Court of Appeals of Iowa.

June 29, 1988.

Donald G. Juhl, Nevada, for appellant father.

John L. Thompson, Tama, for appellee children.

Patrick Wilson, Marshalltown, for maternal aunt.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Valencia Voyd McCown, Asst. Atty. Gen., for appellee State.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Appellant C.C. is the natural father of a daughter, T.M.C., and a son, A.C.C. C.C. is serving three life sentences for the murders of his wife, L.C., and two other persons. The children, T.M.C. and A.C.C., were placed in emergency foster care the day of the murders in April 1980. They were, by stipulation, adjudicated to be children in need of assistance and were subsequently placed with a maternal aunt in California. The maternal aunt was granted permanent custody in May 1982.

In December 1986 the maternal aunt sought to have T.M.C., then age fourteen, and A.C.C., then age thirteen, removed from her home. The children's serious psychological problems were being manifested increasingly by violent and recalcitrant behavior.

In May 1987 the State of Iowa filed a motion to terminate the dispositional order of May 1982 and to release the children from the jurisdiction of the Iowa Juvenile Court. *See* Iowa Code § 232.103(4). C.C. resisted the State's motion and requested a modification of the dispositional order placing the children, on a trial basis, with a paternal aunt in Illinois.

In September 1987 the juvenile court (1) denied C.C.'s application to be present at

the hearing, (2) sustained the State's motion to terminate jurisdiction, and (3) overruled C.C.'s motion to modify the dispositional order. It is contemplated the children will be placed in foster care or a group home under the auspices of California's Social Services Agency.

Our review is de novo. *In re D.L.*, 401 N.W.2d 201, 202 (Iowa App.1986).

■ 1. C.C. claims on appeal that based on Iowa Code section 232.91 and the sixth amendment he had an absolute right to be present at the dispositional hearings. We disagree. Section 232.91 provides as follows:

> Any hearings or proceedings under this division subsequent to the filing of a petition shall not take place without the presence of the child's parent, guardian, custodian, or guardian ad litem in accordance with and subject to section 232.38. *A parent without custody may petition the court to be made a party to proceedings under this division.*

(Emphasis added.) It is within the court's discretion to permit a noncustodial parent to be made party to the proceedings. *Id.* The children were represented by their guardian ad litem in accordance with section 232.91. C.C. was made a party and exercised his sixth amendment right to confrontation through his attorney.

We find C.C. had no absolute right to be physically present at the hearings.

■ 2. C.C. argues the juvenile court could not terminate its jurisdiction pursuant to Iowa Code section 232.103(4). That section provides

> [t]he court may terminate an order and release the child if the court finds that the purposes of the order have been accomplished and the child is no longer in need of supervision, care or treatment.

C.C. contends the children are still in need of supervision, care or treatment. It is not disputed the children are in need of supervision, care, and psychological treatment and counselling. The issue is whether the needs of the children require that a dispositional order remain in effect.

The children are excelling in a program for gifted children in the California public schools. They have expressed a desire to remain in California. The children will benefit from a structured placement. They will remain in close contact with their maternal aunt with whom they have lived for the past eight years. The children will benefit from continuing psychological counselling, in which they are already enrolled, provided by the California Social Services Agency.

Section 232.103(4) should be liberally construed to effect the best interests of the children. Iowa Code § 232.1. The children's needs will be most effectively met by the State of California. Their best interests require that Iowa terminate its jurisdiction over the children to allow California to assume jurisdiction.

■ 3. C.C. contends placement on a trial basis with a paternal aunt in Illinois would be the least restrictive disposition under section 232.99(3). That section provides in part that "the court shall make the least restrictive disposition appropriate considering all the circumstances of the case." The children have had no contact with the paternal aunt for over five years. They have no memory of ever having visited her in Illinois. The paternal aunt has no special training that would enable her to cope with the children's psychological and behavioral problems.

Considering all the circumstances of the case, we find the children's best interests will be served by placement in a foster home or group home in California. We modify the juvenile court's order terminating the dispositional order of May 1982 and releasing jurisdiction over the children in favor of the State of California. The order shall become effective upon the Iowa juvenile court's receipt of proof that the State of California accepts immediate responsibility for the placement and supervision of the children. The purpose of this modification is to ensure the children remain continuously under the auspices of a responsible state agency.

**AFFIRMED AS MODIFIED.**