**IN THE COURT OF APPEALS OF IOWA**

No. 14-0606
Filed August 13, 2014

**IN THE INTEREST OF T.E.,**
**Minor Child,**

**S.B., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Page County, Susan L. Christensen, District Associate Judge.

A mother appeals the juvenile court's termination of her parental rights with respect to her daughter. **AFFIRMED.**

C. Kenneth Whitacre, Glenwood, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Jeremy Peterson, County Attorney, and Carl M. Sonksen, Assistant County Attorney, for appellee State.

Vicki Danley, Sidney, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

A mother appeals the juvenile court's termination of her parental rights with respect to her daughter. We affirm.

**I. Factual and Procedural Background**

The mother and child came to the attention of the Iowa Department of Human Services (DHS) in January, 2013. DHS found the mother to have denied critical care and to have failed to provide proper supervision for the child due to the mother's confessed use of methamphetamine while caring for the child. Mounting concerns regarding the mother's continued drug use and the child's exposure to domestic violence from the mother's paramour resulted in the child's removal from her mother's custody in early February, 2013. The child was placed with her maternal cousin, where she remains today.

The mother has since been subject to numerous incarcerations, charges of kidnapping, violation of a custody order,[1] revocation of her probation, charges of criminal mischief and disorderly conduct, and multiple referrals to substance abuse treatment with which she has refused to cooperate. Throughout 2013, the mother failed to undertake the juvenile court's recommended steps to regain custody of her child.

On January 30, 2014, the juvenile court held a trial on the State's petition for termination of the mother's parental rights. The court found the facts supported termination under Iowa Code sections 232.116(1)(e) and

---

[1] After the child was removed from the mother's custody, the mother absconded with the child during a scheduled visitation while the chaperone used the restroom.

232.116(1)(h) (2013).[2]  Parental rights were terminated on April 6, 2014.[3]  The mother now appeals.

## II. Scope and Standard of Review

"We review proceedings to terminate parental rights de novo." *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

## III. Discussion

The mother requests that we reverse the order of the juvenile court, presenting three issues as a basis to do so.  First, she contests the court's finding that she has failed to maintain significant and meaningful contact with her child.  She claims she was barred from doing so while incarcerated, which violated her constitutional rights.  Second, she asserts the judge erred by failing to recuse herself upon the mother's motion.  Third, she claims her constitutional

---

[2] The court is authorized to terminate parental rights where:

> *e.* The court finds that all of the following have occurred:
>> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
>> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so.
>
>     . . . .
> *h.* The court finds that all of the following have occurred:
>> (1) The child is three years of age or younger.
>> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116.

[3] The father's parental rights were terminated on the same date as a result of his consent to termination.

rights were violated when the juvenile court denied her request to be transported from prison to attend the termination hearing in person.

*A. Constitutional Claims.* The mother's first and third issues presented on appeal are presented as constitutional issues not raised before the juvenile court. "[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases." *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal." *In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003). These issues were not raised in or touched upon by the court below,[4] and they are not preserved for our review. *Id.*

*B. Meaningful Contact.* To the extent that the mother's first issue may be read as a claim that the juvenile court erred in holding that the termination was proper under Iowa Code section 232.116(1)(e), we affirm that holding. Though she does not contest she has not maintained significant and meaningful contact with the child, she asserts she was unlawfully prevented from doing so.

The mother "cannot use [her] incarceration as a justification for [her] lack of relationship with the child." *See In re M.M.S.*, 502 N.W.2d 4, 8 (Iowa 1993). "This is especially true when the incarceration results from a lifestyle that is chosen in preference to, and at the expense of, a relationship with a child." *Id.*

---

[4] Particularly, we note the motion to be transported to the hearing from the mother's place of incarceration was not raised as a constitutional issue below. Regardless, the mother had no absolute right to be physically present at the hearing. *See In re T.M.C.*, 429 N.W.2d 165, 167 (Iowa Ct. App. 1988). She was represented by counsel, appeared telephonically, and had sufficient opportunity to present testimony, which satisfies due process. *See In re J.S.*, 470 N.W.2d 48, 52 (Iowa Ct. App. 1991).

The mother's inability to maintain contact with the child is due to her own lifestyle choices that have resulted in her incarceration. This kind of inability to maintain meaningful contact is no legal excuse for failing to do so. The requirements of section 232.116(1)(e) have been satisfied, and the juvenile court's order was proper.

*C. Denial of Motion to Recuse.* The mother's second presented issue merely states, "The judge, upon motion by the appellant refused to recuse herself." She here asserts impropriety on the part of the judge that would invalidate her termination order on both the section 232.116(1)(e) and section 232.116(1)(h) bases, but she presents no factual or legal basis for classifying the judge's denial of the motion as an error.

We find no basis in the record to support the necessity of recusal. Recusal is only necessary if the movant can demonstrate actual prejudice. *In re C.W.*, 522 N.W.2d 113, 117 (Iowa Ct. App. 1994). The purported basis for the motion was that the juvenile judge may have harbored "bias from prior contacts." The record reveals the only prior contact the judge had with the mother was in the child's child-in-need-of-assistance proceedings. The mother presents no evidence of any bias that arose from that contact. The judge had no obligation to recuse herself.

**IV. Conclusion**

The juvenile court's termination order was supported by clear and convincing evidence of the statutory requirements in Iowa Code sections 232.116(1)(e) and 232.116(1)(h). We agree with the court that termination best provides for the child's safety, long-term nurturing and growth, and physical,

mental, and emotional needs. Because the mother failed to preserve her constitutional claims on appeal for our review and her remaining claims are not supported by the law or the facts of this case, we affirm.

**AFFIRMED.**